United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

First   UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN C. AYARZA, § § Plaintiff, § § v. § CIVIL ACTION NO. H-25-5247 § DOLLAR TREE, INC., § § Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Jonathan C. Ayarza ("Plaintiff") brought this action against Dollar Tree, Inc. ("Defendant") in the 190th Judicial District Court of Harris County, Texas.[1]  Defendant removed the action to federal court.[2]  Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 4) and Plaintiff, Jonathan C. Ayarza's Motion for Leave to Amend Complaint to Add a New Party ("Plaintiff's Motion to Amend") (Docket Entry No. 12).  For the reasons explained below, Plaintiff's motions to remand and to amend will be denied.

**I. Background**

Plaintiff alleges that on February 18, 2025, he was assaulted and shot in front of the Family Dollar store located at the 8400

---

[1]Plaintiff's Original Petition and Jury Demand ("Original Petition"), Exhibit A-1 to Notice of Removal, Docket Entry No. 1-1, pp. 3, 6.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice of Removal, Docket Entry No. 1.

block of Winkler Road by Defendant's security guard, Raul Cortez, after he was suspected of attempting to shoplift from the store.[3]

On April 2, 2025, Plaintiff brought his first action against Defendant in the 334th Judicial District Court of Harris County, Texas.[4] On April 7, 2025, Plaintiff nonsuited his original state court petition.[5] On September 12, 2025, plaintiff in an unrelated case took an oral and videotaped deposition of Cortez.[6] In the deposition Cortez was asked about the incident giving rise to this action.[7]

On September 24, 2025, Plaintiff brought his second action against Defendant in the 190th Judicial District Court of Harris County, Texas, alleging claims of common-law negligence, premises liability, gross negligence, false imprisonment, civil

---

[3] Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-1, p. 4; Plaintiff's First Amended Petition for Damages ("Plaintiff's First Amended Petition"), Exhibit B to Plaintiff's Motion to Remand, Docket Entry No. 4-2, pp. 3-4.

[4] Plaintiff's Original Petition and Jury Demand, Exhibit 1 to Dollar Tree's Response in Opposition to Plaintiff's Motion for Leave Amend Complaint to Add a New Party ("Defendant's Response to Plaintiff's Motion to Amend"), Docket Entry No. 16-1.

[5] Notice of Nonsuit, Exhibit 2 to Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16-2.

[6] Plaintiff [John Odom]'s Notice of Intent to Take the Oral and Video Deposition of Raul Cortez, Exhibit 4 to Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. No. 16-4; Oral and Videotaped Deposition of Raul Cortez ("Cortez Deposition"), Exhibit 5 to Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16-5.

[7] Cortez Deposition, Exhibit 5 to Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16-5, p. 3.

assault and battery, and negligence per se.[8] On November 3, 2025, Defendant removed the action to this court on the basis of diversity jurisdiction.[9]

On November 7, 2025, Plaintiff amended his state court petition to add Cortez, a citizen of Texas, as a party to the action.[10] On November 17, 2025, Plaintiff filed a Motion to Remand, arguing that the court's diversity jurisdiction was destroyed when the state court petition was amended to add Cortez as a party.[11] Defendant filed its response to Plaintiff's Motion to Remand on December 10, 2025, arguing that Plaintiff's motion should be denied because Cortez had not been properly joined as a defendant.[12] On December 17, 2025, Plaintiff filed a motion for leave to amend seeking to add Cortez as a defendant.[13] Defendant filed its response opposing Plaintiff's Motion to Amend on January 7, 2026.[14]

---

[8]Original Petition, Exhibit A to Plaintiff's Motion to Remand, Docket Entry No. 4-1, pp. 5-10.

[9]Notice of Removal, Docket Entry No. 1, p. 3. According to the Notice of Removal, Defendant is a citizen of Virginia and Plaintiff is a citizen of Texas. Id.

[10]Plaintiff's First Amended Petition, Exhibit B to Plaintiff's Motion to Remand, Docket Entry No. 4-2, p. 2.

[11]Plaintiff's Motion to Remand, Docket Entry No. 4, pp. 2-5.

[12]Dollar Tree's Response in Opposition to Plaintiff's Motion to Remand ("Defendant's Response to Plaintiff's Motion to Remand"), Docket Entry No. 11, p. 1.

[13]Plaintiff's Motion to Amend, Docket Entry No. 12, pp. 1-2.

[14]Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16.

## II. Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'" Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)). "In deciding whether to allow leave to amend, a court should consider several factors, including 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" Id. (quoting Hensgens, 833 F.2d at 1182).

## III. Analysis

Plaintiff has moved to amend the complaint to add Cortez as a defendant.[15] Because Cortez is a citizen of Texas, diversity would be defeated if Plaintiff is allowed to amend.[16] The court will therefore apply the Hensgens-factor analysis.

---

[15]Plaintiff's Motion to Amend, Docket Entry No. 12, p. 1; Plaintiff's First Amended Petition, Exhibit B to Plaintiff's Motion to Remand, Docket Entry No. 4-2, p. 2.

[16]Plaintiff's First Amended Petition, Exhibit B to Plaintiff's Motion to Remand, Docket Entry No. 4-2, p. 2.

## A.  Purpose of the Amendment

The first <u>Hensgens</u> factor is the "extent to which the purpose of the amendment is to defeat federal jurisdiction." <u>Hensgens,</u> 833 F.2d at 1182. "This factor has been described as the most important factor." <u>Ekberg v. Polytec Inc.,</u> 1:24-CV-284-DII, 2024 WL 2933421, at * 2 (W.D. Tex. June 11, 2024). When evaluating the first <u>Hensgens</u> factor, "courts within the Fifth Circuit frequently look at whether the plaintiff knew the identity of the party to be joined and the facts underlying the claim against that party when filing the original complaint." <u>Irigoyen v. State Farm Lloyds,</u> No. CA-C-03-324-H, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). "'. . . when the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'" <u>Id.</u> (quoting <u>In re Norplant Contraceptive Products Liability Litigation,</u> 898 F.Supp. 433, 435 (E.D. Tex. 1995)). "[C]ourts in this circuit routinely deny leave to amend upon a finding that the plaintiff's primary purpose is to defeat jurisdiction." <u>Canales v. Michaux,</u> 1:18-CV-507-RP, 2018 WL 6040258, at *3 (W.D. Tex. Nov. 16, 2018).

Plaintiff knew of Cortez's identity and the facts underlying his claims against Cortez when he filed this action in state court. Not only did Plaintiff plead facts relating to Cortez's role in the

-5-

assault in his original state court petition,[17] plaintiff Odom asked Cortez questions about the assault on Ayarza in a deposition that was taken in an unrelated case just twelve days before Ayarza filed this second state court action.[18]

Plaintiff states that he did not want to join Cortez as a defendant until "it became clear that criminal prosecution would not be pursued against [Cortez]."[19]  However, Plaintiff fails to explain why Cortez's criminal prosecution is relevant to his joinder in this case.  The court is not convinced that this explanation is a sufficient reason for Plaintiff's failure to name Cortez in his state court petition.[20]

Although Plaintiff knew Cortez's identity and the facts underlying Cortez's role in the incident, Plaintiff chose not to

---

[17]Original Petition, Exhibit A-1 to Notice of Removal, Docket Entry No. 1-1, p. 4.

[18]Cortez Deposition, Exhibit 5 to Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16-5, p. 3.

[19]Plaintiff's Motion to Amend, Docket Entry No. 12, p. 3 ¶ 2.4.

[20]The court has not allowed joinder in similar cases.  In Berry v. Wal-Mart Stores Texas, LLC, Civil Action No. H-18-4619, 2019 WL 1407212 (S.D. Tex. Mar. 28, 2019), a plaintiff was attacked by a customer while shopping in Wal-Mart.  Id. at *1.  Plaintiff sued Wal-Mart in state court for its negligence related to the attack. Id.  Wal-Mart removed the case to federal court on diversity jurisdiction.  Id.  Upon removal, plaintiff amended her state court petition to include her attacker, which would have destroyed diversity jurisdiction.  Id.  However, because the plaintiff knew of the attacker's identity at the time she filed the state court action, the court found that the plaintiff's purpose in adding the attacker was to destroy diversity and accordingly denied the plaintiff's motion to amend.  Id. at *2-*3, *5.

include Cortez as a defendant when he filed his second action against Defendant. The court therefore concludes that the primary purpose of Plaintiff's amendment is to defeat federal diversity jurisdiction. Accordingly, the first and most important Hensgens factor weighs heavily against granting Plaintiff's Motion to Amend.

### B. Plaintiff's Delay

"In addressing the second Hensgens factor, courts look to (i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the stage of the proceedings at the time of the amendment." Agyei v. Endurance Power Products, Inc., 198 F.Supp.3d 764, 776 (S.D. Tex. 2016).

Here, Plaintiff filed his First Amended Petition less than three months after the state court suit was filed and approximately five weeks after the case was removed. "Courts have refused to find comparable timeframes dilatory." Id. "Moreover, at the time Plaintiff filed the amended complaint, 'no pretrial or trial dates ha[d] been scheduled and no significant activity beyond the pleadings ha[d] occurred.'" Id. (quoting Gallegos v. Safeco Insurance Co. of Indiana, Civil Action No. 09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009). Therefore, the second factor weighs in favor of granting Plaintiff's Motion to Amend.

### C. Prejudice to Plaintiff

"Courts analyzing the third Hensgens factor look to (i) whether the already named diverse defendant would be unable to

satisfy a future judgment, and (ii) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." Id. at 777.

Plaintiff has not argued that Defendant would be unable to satisfy a future judgment, and there is no indication that Defendant could not satisfy a judgment in this case.

The court agrees that a separate state court suit "would result in parallel judicial proceedings that would increase costs, lead to judicial inefficiency, and may produce conflicting results."[21] Id. However, because "there is no evidence that [Defendant is] unable to afford . . . complete relief in either action," the third Hensgens factor "weighs only slightly in favor of" granting Plaintiff's Motion to Amend. Canales, 2018 WL 6040258, at *3; see also Martinez v. Holzknecht, 701 F.Supp.2d 886, 892 (S.D. Tex. 2010) (holding that the additional expense of parallel proceedings "does not constitute significant prejudice" on its own).

---

[21]Although Defendant argues that there is no risk of parallel litigation because Plaintiff's claims against it are "entirely distinct from Plaintiff's claims against Cortez," Defendant's Response to Plaintiff's Motion to Amend, Docket Entry No. 16, p. 4, the court finds that parallel litigation is likely because Plaintiff's claims involve the same parties, stem from the same incident, and have significant factual overlap. Costs and expenses can be reduced by an agreement among the parties to conduct joint discovery in the overlapping cases.

### D.  Other Factors Weighing on the Equities

"The fourth Hensgens factor requires courts to analyze other equitable factors." Agyei, 198 F.Supp.3d at 776. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum . . . and whether denying leave to amend would result in parallel state court proceedings . . . these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant." Id. Because "[t]hose factors have already been analyzed in considering the first three Hensgens factors" and "[b]ecause neither party points to additional equitable factors beyond these considerations, the fourth Hensgens factor is neutral." Id.

### IV.  Conclusion and Order

Although the second and third Hensgens factors weigh slightly in favor of granting Plaintiff's Motion to Amend, the first and most important Hensgens factor weighs heavily against granting Plaintiff's Motion to Amend. The court concludes that the balance tips against granting Plaintiff's Motion to Amend. See Canales, 2018 WL 6040258, at *4 (denying plaintiff's motion to amend although the second and third Hensgens factors weighed in the plaintiff's favor because the plaintiff knew the identity of the non-diverse defendant when he filed his state court petition).

For the reasons explained above, Plaintiff, Jonathan C. Ayarza's Motion for Leave to Amend Complaint to Add a New Party (Docket Entry No. 12) and Motion to Remand (Docket Entry No. 4) are **DENIED**.

**SIGNED** at Houston, Texas, on this 28th day of January, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE